# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ABRAHAM CAMARA,**

    **Petitioner,**　　　　　　　　　　**CASE NO. 2:09-CR-00140**
　　　　　　　　　　　　　　　　　　　　**JUDGE GRAHAM**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner's March 31, 2011, "Petition for a Writ of Error Cora[m] Nobis" pursuant to 28 U.S.C. § 1651. For the reasons that follow, the petition, Doc. 40, is **DENIED**. Petitioner's request for expedited resolution of his petition is **DENIED**, as moot. Petitioner's request for an evidentiary hearing likewise is **DENIED**.

This action involves Petitioner's July 24, 2009, underlying criminal conviction pursuant to the terms of his negotiated guilty plea, on possession of fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). Doc. 20. On November 16, 2009, the Court imposed twenty-one months incarceration plus three years supervised release, and restitution in the amount of $43,519.62. Doc. 32. Petitioner did not appeal or pursue any other collateral relief.

On October 6, 2010, Petitioner indicates that his sentence expired. He remains detained, however, pending his deportation to the Republic of Guinea. *Petition for Writ of Error Cora[m] Nobis,* at 2, 10. Petitioner asserts in these proceedings that the Court improperly held him accountable for $43,519.62 in restitution (rather than $7,740.54 in restitution),[1] that he was denied effective

---

[1] Petitioner has attached documents purportedly supporting this allegation. *See Exhibit A.*

assistance of counsel due to his attorney's failure to raise this issue at sentencing or on appeal and denied due process based upon "inaccurate information" provided at sentencing. *Id.* at 7. In support of his claims, Petitioner refers to *Glover v. United States*, 531 U.S. 198 (2001)(holding that *Strickland v. Washington*, 466 U.S. 668 (1984), does not require the showing of a "significant increase in a term of imprisonment" to establish prejudice from an attorney's failure to object to an error in a calculation of sentence imposed under the United States Sentencing Guidelines.) Petitioner indicates he never raised his claims on direct appeal because his attorney improperly failed to file a notice of appeal or advise him regarding the filing of an appeal. See *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). He contends that these claims now are appropriately brought in a writ of coram nobis under 28 U.S.C. § 1651, as he is no longer in custody on the conviction he challenges here.

> The All Writs Act of 28 U.S.C. § 1651, provides in relevant part:
>
>> The Supreme Court and all court established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). This Act constitutes an "extraordinary remedy" and is permitted only where justice so compels. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *see also United States v. Acosta*, 10 Fed.Appx. 294, unpublished, 2001 WL 505944, at *1 (6th Cir. 2001), citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)("Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character- *e.g.,* errors rendering the proceedings themselves invalid.") "[T]he coram nobis petitioner carries a heavy burden. . . . "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."*Haddadd v. United States*, 2007 WL 7230219, at *1 (E.D. Mich. Oct. 26, 2007)(citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

A writ of error *coram nobis* may vacate a federal conviction where the petitioner has already served his sentence and relief under 28 U.S.C. § 2255 no longer remains available.  *United States v. Johnson*, 237 F.3d at 753.  To obtain this extraordinary remedy, however, a petitioner must establish: "1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known." *Johnson*, 237 F.3d at 755. "[A] defendant is not entitled to a writ of coram nobis when he or she only alleges an error of law."

In reviewing a petition for *coram nobis*, "[i]t is presumed the proceedings were correct and the burden rests on the accused to show otherwise." *Morgan*, 346 U.S. at 512.  Although no statute of limitations applies to the filing of this writ, the Supreme Court has held that a petitioner must establish "sound reasons [ ] for failure to seek appropriate earlier relief."  *Morgan*, 346 U.S. at 512. "[O]therwise there would be essentially no time limits for bringing coram nobis claims. Moreover, sound policy dictates that coram nobis claims be brought as early as possible to prevent the suffering imposed by illegal convictions and to prevent the government from being prejudiced in its efforts to reprosecute meritorious cases." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir.1996); *see also Johnson v. United States*, 334 F.2d 880, 883-84 (6th Cir.1964) (refusing to consider *coram nobis* petition due to fifteen-year delay).

Petitioner offers no reason to explain why he failed properly to raise his claims of ineffective assistance of counsel in a timely motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.  These claims were known to him and apparent at the time of sentencing – or, at the latest, shortly thereafter.  Nonetheless, Petitioner waited almost one year and five months later, until March 11, 2011, to file his petition under the All Writs Act.  Under these circumstances, Petitioner's claims

are not appropriately considered in these proceedings. "It would be senseless to suppose that Congress" intended to permit a Petitioner to "pass through the closed door" of 28 U.S.C. § 2255 "simply by changing the number [2255] to 1651 on their motions." Further, Petitioner fails to raise any claim of fundamental justice, not earlier known to him, that likely would have altered the outcome of the proceedings at issue. *See Johnson*, 237 F.3d at 755 (*Coram nobis* only appropriate to review errors rendering the proceedings themselves invalid.").

For these reasons, Petitioner's Petition for a Writ of Coram Nobis, Doc. 40, is **DENIED**. Petitioner's request for expedited resolution of his petition is **DENIED**, as moot. Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED**.

Date: April 19, 2011            s/James L. Graham

                                             James L. Graham
                                             United States District Judge