IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ABRAHAM CAMARA,**

    **Petitioner,**            **CASE NO. 2:09-CR-00140**
                                       **JUDGE GRAHAM**

**v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND ORDER

This matter is before the Court on Petitioner's May 3, 2011, motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure of this Court's April 19, 2011, denial of his Petition for a Writ of Error Coram Nobis pursuant to 28 U.S.C. § 1651. For the reasons that follow, Petitioner's motion for reconsideration (Doc. 42) is **DENIED**.

Petitioner again contends that his guilty plea is invalid and unconstitutional because the Court improperly held him accountable for $43,519.62 in restitution rather than $7,740.54 in restitution. He states that he was unaware of his claims in November 2010, when the statute of limitations expired for filing a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, and again argues that his claim(s) are properly considered under 28 U.S.C. § 1651. Alternatively, Petitioner requests the Court to recharacterize his Petition under 42 U.S.C. § 1983[1] or Rule 60(b)(4)

---

[1] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such

of the Federal Rules of Civil Procedure.[2]

"Under Rule 59(e), there are three grounds for a court to amend its judgment: (1) to accommodate an intervening change in controlling laws; (2) to account for new evidence not available previously; (3) to correct a clear error of law or to prevent manifest injustice." *Bold v. Booker*, No. Civ.A. 05CV236-JMH, 2005 WL 1593365, at *1 (E.D. Ky. June 30, 2005)(citing *Berridge v. Heiser*, 993 F.Supp. 1136, 1146-47 (S.D. Ohio 1997). Petitioner has provided no such grounds here. Further, it does not appear that his Petition would properly be considered under 42 U.S.C. 1983 or Rule 60(b).

Petitioner's motion for reconsideration (Doc. 42), is **DENIED.**

**IT IS SO ORDERED**.

Date: May 9, 2011

s/James L. Graham
James L. Graham
United States District Judge

---

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[2] Rule 60(b)(4) of the Federal Rules of Civil Procedure provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

\*\*\*

(4) the judgment is void[.]